JAMES R. ROWE, Plaintiff, *v.* QUEENSBOROUGH GAS & ELECTRIC COMPANY, Defendant.

Supreme Court, Nassau County, March 31, 1939.

*Maurice Brandt*, for the plaintiff.

*James E. Turner*, for the defendant.

HOOLEY, J.   This case was tried before the court and a jury on the 6th, 7th and 8th days of March, 1939.   Late in the afternoon of the last day the court charged the jury and it retired for deliberation.   A sealed verdict was ordered by the court, which sealed verdict was to be opened on the following morning at the opening of court.   On March ninth the sealed verdict was opened by the court in the presence of counsel for both parties.   At that time eleven jurors were in the jury box.   The court announced that one of the jurors had become ill during the night and that a telephone message had been received to the effect that he was too ill to appear.   The verdict was a ten to two verdict.   (Civ. Prac. Act, § 463-a.)   Ten of the jurors signed a statement to the effect that they had found a verdict for the defendant.   One of the jurors comprising the ten was the juror who was absent because of illness. After the reading of the sealed verdict, the attorney for the plaintiff made a motion to poll the jury and after such polling the clerk reported to the court that nine of the jurymen present answered in the affirmative, that the remaining two answered in the negative, and that the absent juror had signed the sealed verdict in favor of the defendant.

A motion was thereupon made by the plaintiff's attorney to set aside the verdict on the ground that the same had been improperly received and that upon the poll of the jury it appeared that only nine jurors concurred.   The court endeavored at this time to grant to the plaintiff's attorney full opportunity to do anything that he deemed necessary in the matter of polling the jury.   The record reads in part as follows: " The Court: But I will do anything you gentlemen want to do in the matter of polling."   Here was an offer by the court to do anything in the matter of the polling that the attorneys desired but the attorney for the plaintiff in response to this suggestion said: " I would object to any additional arrangements whereby this man could be polled."   While it might have been some inconvenience to the jurors concerned to bring them back for a polling at a time after their jury service had ended if the man's illness continued that long, the court was willing to do this very thing.   This was indicated by the suggestion made by the court but the plaintiff's attorney apparently relied upon the claimed illegality of the verdict arising from the situation, thereby hoping to obtain a new trial and refused to co-operate in any way with the court in its effort to give him the fullest opportunity to poll the jury.   The court thereupon denied the motion.

The plaintiff's attorney now moves to reargue the motion to set aside the verdict and he cites certain cases, none of which apply here. All of these cases deal with situations where the twelve jurymen were present and rendered an irregular verdict, or upon the poll some juryman stated that he had changed his mind. There is not the slightest suggestion here that any juror had changed his mind with respect to the verdict that was rendered. The court cannot believe that in the situation that has developed here through no fault of any one and in a case where ten jurors in writing solemnly recorded their verdict for the defendant, that the court should be compelled to retry a case which had already occupied its attention for three days. The right to poll a jury may be a substantial right but notwithstanding what the judges of some courts have written to the contrary, in the opinion of this court the importance of the poll is weakened where the jurors solemnly record their verdict over their own signatures. In any event, the plaintiff's attorney by his action at the time of the opening of the sealed verdict waived his right to have the jury polled.

Motion to reargue granted and on reargument the court adheres to its original decision.